## PECKHAM v. KORB.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

PARTIES (§ 25*)—DEFENDANTS—PROPER PARTIES—INTEREST IN ACTION.

A complaint alleged that one of defendants was formerly plaintiff's partner, and that defendant W. contracted to do business for plaintiff, and defendant K. was employed to work for plaintiff; that defendant W. breached his contract with plaintiff and entered into a partnership with other defendants, and they had collected fees belonging in part to plaintiff; that defendant W. was indebted to plaintiff in certain sums which defendants had withheld; and that plaintiff's former partner had withheld large sums belonging to plaintiff, and that defendant K. had joined with the other defendants in withholding certain fees due plaintiff, and asked for an accounting and receivership and a judgment against defendants. *Held*, that any cause of action stated against either defendant had no relation to the other defendants, and defendant K. was not a proper party to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the actions against the other defendants, and his demurrer to the complaint should have been sustained.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 31; Dec. Dig. § 25.*]

Appeal from Special Term, New York County.

Action by William G. Peckham against Otto J. Korb, impleaded with others. From an interlocutory judgment overruling a demurrer to the complaint, the defendant named appeals. Reversed and demurrer sustained, with leave to amend.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Eugene Frayer, for appellant.
William G. Peckham, in pro. per.

INGRAHAM, J. The complaint in this action alleges that prior to the 15th day of September, 1904, the defendant Warner was the plaintiff's partner, and the defendant Wells had contracted to do business with and for the plaintiff, as set forth in the complaint, and the defendant Korb was employed and paid by the plaintiff to do work in the defendant Warner's department; that the defendants, as copartners, had collected various fees and moneys belonging to the plaintiff, or belonging to the plaintiff and the defendants; that the defendant Wells claims and holds all that he has received, and that he and his codefendants for him claim and hold a certain share of others of said moneys and fees; that the defendant Warner claims for himself and his codefendants and their assistants about three-fourths of the amounts received by him; that the defendant Korb claims and holds, and his codefendants claim and hold on his claim, certain parts of one or more of above fees as set forth; and that all of said claims, as plaintiff is advised and verily believes, are contrary to the agreements between the plaintiff and the defendants in said matters; that the plaintiff had demanded the payment of said moneys, and payment thereof has been refused unjustly, and said moneys are now due and owing to the plaintiff; that the defendant Warner admitted to the plaintiff having received a fee of upwards of $10,000 in a certain lawsuit mentioned; that the defendants returned a statement of $3,903 as the fee in that action; that the defendants had allotted three-fifths of the same to themselves, in addition to one-fifth of the same to Warner, leaving but one-fifth to plaintiff.

The complaint then states, "And further and more especially as to the defendant Wells plaintiff alleges" that the plaintiff and Wells entered into a certain contract which it is alleged Wells has failed to comply with, whereupon plaintiff terminated the relation and Wells vacated the plaintiff's office, and then formed a copartnership with the other defendants; that Wells is indebted to the plaintiff in one sum of $3,000, and in a further sum of $5,000; and that this is withheld from the plaintiff by the defendants, though now due and demanded. The complaint then continues: "Plaintiff further complains and alleges more especially as to defendant Warner," that he and Warner

had been copartners under two agreements which are set forth in the complaint—neither Wells nor Korb was a party to these agreements —and that there has been withheld by Warner and his codefendants a large sum of money, "say $10,000," over and above all just set-offs or counterclaims. Plaintiff then alleges as against the defendant Korb that Korb was in his employ, and that Korb joined with his codefendants in withholding certain fees due to the plaintiff amounting to $2,000. And plaintiff demands judgment that an accounting be taken of all the matters in the complaint specified; that the plaintiff have such mistakes, errors, and erroneous charges corrected and reformed; that a receiver be appointed to take charge of the remaining joint matters of business of the plaintiff and the defendants; and that the plaintiff have judgment against the defendants for $15,000 and interest.

The cause of action against Wells has no relation to or connection with either of the other defendants. The controversy as to this cause of action is between the plaintiff and Wells, to which the other defendants are not parties. So far as any action is alleged against Warner, neither Wells nor Korb has any connection with it, and it is difficult to see that there is any cause of action alleged against Korb at all except in relation to one fee in the case of Day v. Cook; but it is nowhere alleged that Korb has ever received any portion of that fee, or that Korb was under any obligation to the plaintiff to account to him for the fee. It is clear that neither Korb nor Warner had any relation to the cause of action against Wells, and neither Wells nor Korb has any relation to the cause of action against Warner. It is enough to say that, as to this demurring defendant is not directly connected with either of the causes of action against Wells or Warner, he is not a proper party to an action to enforce such causes of action, and for that reason the demurrer should have been sustained.

It follows that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend the complaint within 20 days on payment of costs in this court and in the court below. All concur.